IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FRATERNAL ORDER OF POLICE       :      No.
PENNSYLVANIA LODGE,       :
SPRINGFIELD TOWNSHIP POLICE     :
BENEVOLENT ASSOCIATION,      :
CHRISTIAN WILBUR, ROBERT      :
BAIADA, AND CHRIS CALHOUN      :
                                      :
          Plaintiffs            :
                                      :
v.                                        :
TOWNSHIP OF SPRINGFIELD,      :
JAMES LEE, in his official capacity,   :
BAIRD M. STANDISH, in his official   :
capacity, MICHAEL E. MAXWELL,    :
in his official capacity, SUSANNA O.   :
RATSAVONG, in her official capacity,   :
PETER D. WILSON, in his official ca-   :
pacity, JONATHAN C. COBB, in his    :
official capacity, EDDIE T. GRAHAM,   :
in his official capacity, and A. MI-     :
CHAEL TAYLOR, in his official ca-     :
pacity                                    :
            Defendants          :


## COMPLAINT

### INTRODUCTION

The "Thin Blue Line" flag is a national recognized symbol which indicates support for members of the law enforcement community and the belief in law and order. This case concerns Springfield Township resolution number 1592, which bans the display or depiction of that flag, and only that flag, by township employees, agents, consultants, and members of the public. Resolution number 1592 is blatantly

unconstitutional, and the Court should declare it so. *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 828 (1995) ("Discrimination against speech because of its message is presumed to be unconstitutional.") It defiles bedrock First Amendment principles reiterated by a legion of Supreme Court cases. *See, e.g., Id., City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 804 (1984) (the First Amendment "forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others."); *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163, (2015) ("government, including a municipal government vested with state authority, 'has no power to restrict expression because of its message, its ideas, its subject matter, or its content.'") *Matal v. Tam*, 137 S. Ct. 1744, 1766 (2017) ("A law found to discriminate based on viewpoint is an 'egregious form of content discrimination,' which is 'presumptively unconstitutional.'") It also sweeps broadly and its "very existence will inhibit free expression" by "inhibiting the speech of third parties who are not before the Court." *Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 214 (3d Cir. 2001). These First Amendment protections are not diluted for speech that some might find offensive, distasteful, or controversial. *Street v. New York*, 394 U.S. 576, 592 (1969) ("the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers."); *See also, Texas v. Johnson*, 491 U.S. 397, 414 (1989) (striking state law criminalizing burning of American flag holding ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable."); *Hustler Magazine, Inc. v. Falwell*,

2

485 U.S. 46 (First Amendment protects publication of parody ad depicting respected

Reverend as having a drunken incestual relationship with his mother.); *Matal* (First

Amendment protects against denial of trademark that disparages an ethnic group.)

Accordingly, this Court should enjoin the defendants from enforcing resolution

number 1592.

PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff, Fraternal Order of Police Pennsylvania Lodge ("PA FOP"), is

a nonprofit corporation and association organized to represent the interests of law

enforcement officers. The PA FOP is the state lodge of the Fraternal Order of Police,

which has more than 2,100 lodges and more than 364,000 members in the United

States. The PA FOP has approximately 40,000 members. The PA FOP represents the

interests of Pennsylvania active and retired law enforcement officers of all ranks and

branches of government. It is committed to improving the working conditions and

quality of life issues for law enforcement officers through education, legislation, liti-

gation, and employee representation.  The PA FOP represents its members in legal

and legislative matters. Members of the PA FOP are employed by Springfield Town-

ship. Defendants are violating the First Amendment rights of the PA FOP and its

members.  Members of the PA FOP have suffered or will suffer injuries because of

the actions of defendants. The PA FOP brings this complaint on behalf of its members

whose First Amendment rights are harmed by defendants' actions. Members of the

PA FOP have standing to sue defendants if they sued as individuals. While individual

3

certain members of the PA FOP are suing in their individual capacities, this claim does not require participation of those individual members.

2.      Plaintiff, Springfield Township Police Benevolent Association ("Springfield PBA"), is an association formed for the purpose of representing the interest of members of the Springfield Township Police Department. Springfield PBA represents the interests of its members in legal, legislative, and labor related matters. Defendants are violating the First Amendment rights of the Springfield PBA and its members. Springfield PBA brings this complaint on behalf of its members whose first amendment rights are harmed by defendants' actions. Members of the Springfield PBA have standing to sue defendants if they sued as individuals. While certain members of the Springfield PBA are suing in their individual capacities, this claim does not require participation of those individual members.

3.      Plaintiff, Christian Wilbur ("Officer Wilbur"), is a police officer employed by the Springfield Township Police Department. He is an adult individual and resident of the Commonwealth of Pennsylvania. He is a member of the Springfield PBA.

4.      Plaintiff, Robert Baiada ("Officer Baiada"), is a police officer employed by the Springfield Township Police Department. He is an adult individual and resident of the Commonwealth of Pennsylvania. He is a member of the Springfield PBA.

5.      Plaintiff, Chris Calhoun ("Officer Calhoun"), is a police officer employed by the Springfield Township Police Department. He is an adult individual and resident of the Commonwealth of Pennsylvania. He is a member of the Springfield PBA.

6.      Defendant Springfield Township is a municipal corporation organized under the law of the Commonwealth of Pennsylvania.

7.      Defendant James M. Lee is a member of the Springfield Township Board of Commissioners. He is sued in his official capacity.

8.      Defendant Baird M. Standish is a member of the Springfield Township Board of Commissioners. He is sued in his official capacity.

9.      Defendant Michael E. Maxwell is a member of the Springfield Township Board of Commissioners. He is sued in his official capacity.

10.      Defendant Susanna O. Ratsavong is a member of the Springfield Township Board of Commissioners. She is sued in her official capacity.

11.      Defendant Peter D. Wilson is a member of the Springfield Township Board of Commissioners. He is sued in his official capacity.

12.      Defendant Jonathan C. Cobb is a member of the Springfield Township Board of Commissioners. He is sued in his official capacity.

13.      Defendant Eddie T. Graham is a member of the Springfield Township Board of Commissioners. He is sued in his official capacity.

14.      Defendant A. Michael Taylor is a manager of Springfield Township. He is sued in his official capacity.

15.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

16.      Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2)

### STATEMENT OF FACTS

17.     The "Thin Blue Line" flag is a black and white American flag. All of the horizontal stripes are black and white with the exception of one horizontal stripe that is blue.   An image of the Thin Blue Line flag is depicted below.



18.     The Thin Blue Line flag has come to represent a show of support for and solidarity with members of law enforcement, which includes, police officers.

19.     Through a resolution at its national conference, the Fraternal Order of Police has affirmed its support for the use of the Thin Blue Line flag by law enforcement and the communities they protect.

20.     PA FOP believes that the Thin Blue Line flag represents the preservation of the rule of law, the protection of peace and freedom, the sacrifice of fallen law enforcement officers and the dedication of law enforcement officers.

21.     PA FOP members display, depict, or use the Thin Blue Line flag on pins, buttons, articles of clothing, and items affixed to personal belongings, such as bumper stickers and patches.

22.     Springfield PBA also believes that the Thin Blue Line flag represents the preservation of the rule of law, the protection of peace and freedom, the sacrifice of fallen law enforcement officers and the dedication of law enforcement officers.

23.     Springfield PBA has adopted the Thin Blue Line flag as a symbol of support for its officers and as a symbol of pride in law enforcement.

24.     Springfield PBA has incorporated the Thin Blue Line flag into its logo.



25.     Springfield    PBA    displays    this    logo    on    its    website, https://stpbamontco.org/, it displays the logo at fundraisers, events supporting Springfield PBA, and merchandise.

26.     Moreover, its members display, depict, install, affix, or use the Thin Blue Line flag on pins, buttons, articles of clothing, and items affixed to personal belongings, such as bumper stickers and patches. Many members of the Springfield PBA wear a rubber replacement wedding ring that displays and depicts the Thin Blue Line flag.

27.     Springfield PBA has hosted events on property owned by Springfield Township where the Thin Blue Line flag is displayed, depicted, affixed, or installed, by its members or members of the public.

28.     Springfield PBA wishes to host events on property owned by Springfield Township in the future where the Thin Blue Line flag is displayed, depicted, used, installed, or affixed to Township property by its members or members of the public.

29.     Springfield PBA's members wish to continue to display, depict, or use the Thin Blue Line flag on pins, buttons, articles of clothing, and items affixed to personal belongings, such as bumper stickers and patches and rubber wedding rings.

30.     Officer Calhoun depicts and displays the Thin Blue Line flag on his personal property, including personal property located on Township property.

31.     Officer Calhoun depicts and displays the Thin Blue Line flag on his personal property, on and off duty.

32.     Officer Calhoun's personal property depicting and displaying the Thin Blue Line flag includes, a decal on the back of his car that he parks on Township property, and clothing that he wears on Township property.

33.     Officer Calhoun desires to continue to display and depict the Thin Blue Line flag in the future on his personal property, including personal property located on Township property.

34.     Members of the public know Officer Calhoun to be a Springfield Township police officer.

35.     Officer Baiada displays the Thin Blue Line flag on his personal property, including personal property located on Township property.

36.     Officer Baiada depicts and displays the Thin Blue Line flag on his personal property, on and off duty.

37.     Officer Baiada's personal property depicting and displaying the Thin Blue Line flag includes, "challenge coins" located in his office, a magnet on his refrigerator, a flag flying outside his residence in the Township, and clothing that he wears on Township Property.

38.     Officer Baiada desires to continue to display and depict the Thin Blue Line flag in the future on his personal property, including personal property located on Township property.

39.     Members of the public know Officer Baiada to be a Springfield Township police officer.

40.     Officer Wilbur displays and depicts the Thin Blue Line flag on his personal property, including personal property located on Township property.

41.     Officer Wilbur depicts and displays the Thin Blue Line flag on his personal property, on and off duty.

42.     Officer Wilbur's personal property depicting and displaying the Thin Blue Line flag includes clothing that he wears on Township Property.

43.     Officer Wilbur desires to continue to display and depict the Thin Blue Line flag in the future on his personal property, including personal property located on Township property.

44.     Members of the public know Officer Wilbur to be a Springfield Township police officer.

45.     On October 26, 2022, Springfield Township solicitor, James J. Garrity, and defendant Taylor on behalf of defendant Springfield Township sent a letter to the Springfield PBA demanding that the Springfield Township PBA immediately cease the use of the Thin Blue Line flag as a symbol. Letter from James J. Garrity, Esquire to Springfield Township PBA, October 26, 2022, at Exhibit "1."

46.     In that letter, Springfield Township claims that many residents "have recently express[ed] deep discontent and distrust of the [Springfield] PBA and even the Township's own police department, due to [Springfield] PBA's use of the [Thin Blue Line] flag which has become known as the "Blue Lives Matter Flag." *Id.*

47.     The letter goes onto to explain that "this 'Blue Lives Matter' flag has been at the center of controversy between minority communities and law enforcement officials throughout the country." *Id.*

48.     In the letter, Springfield Township claims the flag has been usurped by the "white nationalist movement" and has "received a reputation" as "racially divisive." *Id.*

49.     Springfield Township alleges that the Thin Blue Line flag "express[es] support for systematic oppression of minority communities and discriminatory police practices in other locations" and that the Thin Blue Line flag "sends a negative message to … community members." *Id.*

50.      Springfield Township demanded that the Springfield PBA "cease any use of the 'Blue Lives Matter' flag" and to immediately remove the words "Springfield Township" from the name of Springfield Township PBA and "cease and eliminate any reference to Springfield Township from any and all of its internal publicly distributed materials." *Id.*

51.      At the December 14, 2022 meeting of Springfield Township Board of Commissioners, defendants placed on the agenda resolution number 1587 authorizing the Township Solicitor to file a complaint to compel Springfield Township PBA to remove the words "Springfield Township" from their logo.  A copy of the meeting agenda is attached at Exhibit "2."

52.      Then, on January 11, 2023, the Springfield Township Board of Commissioners passed resolution number 1592 (the "Resolution") banning the public display or depiction of the Thin Blue Line Flag altogether. A copy of the Resolution is attached at Exhibit "3."

53.      The Resolution bans **all** Township employees, consultants, agents - whether on duty or off duty or on or off Township property – from displaying or depicting the Thin Blue Line flag.  *Id.*

54.      The Resolution further bans the public display of the Thin Blue Line Flag by **any person** while on any Township property. *Id.*

55.      At the January 11, 2023, meeting of the Springfield Township Board of Commissions, defendant Lee stated that litigation has been considered as a means of requiring Springfield PBA to cease its use of the Thin Blue Line flag.

11

https://www.springfieldmontco.org/government/board-of-commissioners/commissioner-agendas-minutes/

56. On January 16, 2023, defendant Taylor directed a memorandum to all township employees that advised the employees that the Resolution was "effective immediately" and instructed all employees to remove all depictions of the Thin Blue Line flag "from the premises, or to relocate it to a place where it is not likely to be seen by a member of the public while visiting the township building." A copy of the January 16, 2023 memorandum is attached at Exhibit "4."

57. PA FOP fears that if it holds future events where the Thin Blue Line flag is displayed and depicted or installed or affixed to Township property by its members or members of the public, defendants will take punitive action against it to enforce the Resolution.

58. Springfield PBA fears that if it holds future events where the Thin Blue Line flag is displayed and depicted or installed or affixed to Township property by its members or members of the public defendants would take punitive action against it to enforce the Resolution.

59. Officer Calhoun fears that if he continues to display or depict the Thin Blue Line flag on his many personal items, including while off duty, defendants would take punitive action against him to enforce the Resolution.

60. Officer Baiada fears that if he continues to display or depict the Thin Blue Line flag on his many personal items, including while off duty, defendants would take punitive action against him to enforce the Resolution.

61.     Officer Wilbur fears that if he continues to display or depict the Thin Blue Line flag on his many personal items, including while off duty, defendants would take punitive action against him to enforce the Resolution.

## CAUSES OF ACTION

### Violation of the First and Fourteenth Amendments
### 42 U.S.C. § 1983

62.     Plaintiffs incorporate the previous paragraphs by reference.

63.     The First Amendment, as incorporated through the Fourteenth Amendment, protects freedom of speech and association. *Galli v. New Jersey Meadowlands Commissions*, 490 F.3d 265 (3d. Cir. 2007).

64.     "[T]he First Amendment forbids the government to regulate speech in ways that favor some viewpoints or ideas at the expense of others." *City Council of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 804 (1984).

65.     "Discrimination against speech because of its message is presumed to be unconstitutional." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 828, (1995)

66.     "When the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant." *Id.*

67.     "Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Id.*

68.     The First Amendment does not provide lesser protection to speech that some might find offensive, distasteful, or controversial. *Street v. New York*, 394 U.S. 576, 592 (1969) ("the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers."); *See also, Texas v. Johnson*, 491 U.S. 397, 414 (1989) (striking state law criminalizing burning of American flag holding "if there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable."); *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46 (First Amendment protects publication of parody ad depicting respected Reverend as having a drunken incestual relationship with his mother.); *Matal v. Tam*, 137 S.Ct. 1744 (2017) (First Amendment protects against denial of trademark that disparages an ethnic group.)

69.     The First Amendment protects plaintiffs' display, depiction, use, installation, or affixation of the Thin Blue Line flag.

70.     Defendants violated plaintiffs' First Amendment rights by banning the display, depiction, use, installation, or affixation of the Thin Blue Line flag.

71.     Defendants banned the display, depiction, use, installation, or affixation of the Thin Blue Line flag because of the message it conveys.

72.     Defendants banned the display, depiction, or use of the Thin Blue Line flag because some members of the public find the Thin Blue Line flag offensive and harmful.

14

73.     Defendants banned the display, depiction, or use of the Thin Blue Line flag because of its association with certain groups.

74.     Defendants have banned only the depiction, display, or use of the Thin Blue Line flag.

75.     Defendants have not banned other flags.

76.     The Resolution violates the void-for-vagueness doctrine because it arbitrarily subjects protected First Amendment conduct to liability. *Kolender v. Lawson*, 461 U.S. 352 (1983).

77.     Plaintiffs wish to continue to display, depict, or use the Thin Blue Line flag.

78.     If individual plaintiffs continue to display, depict, and use the Thin Blue Line flag, it would subject them to liability under the Resolution.

79.     If PA FOP's and Springfield PBA's members continue to display, depict, and use the Thin Blue Line flag, it would subject them to liability under the Resolution.

80.     Plaintiffs have a fear that defendants will take punitive actions against them to enforce the Resolution.

81.     The Resolution is overbroad and "deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas." *United States v. Williams*, 553 U.S. 285, 292 (2008)

15

82.    It bans "[t]he display, by installation or affixation of a publicly visible depiction of [the Thin Blue Line flag], on township owned property (including township vehicles), *by any person*." See Resolution, Ex. 3.

83.    The Resolution violates the First Amendment and Fourteenth Amendments.

### DEMAND FOR RELIEF

Plaintiffs respectfully request that the court:

a.    enter a declaratory judgment that the Resolution violates the First and Fourteenth Amendments;

b.    enter a preliminary and permanent injunction that prevents defendants from interfering with plaintiffs' constitutionally protected First Amendment rights;

c.    enter a preliminary and permanent injunction prohibiting defendants from implementing or enforcing the Resolution;

d.    enter a preliminary and permanent injunction prohibiting defendants from preventing or prohibiting plaintiffs or members of the public from displaying, depicting, installing, affixing, or using the Thin Blue Line flag;

e.    award plaintiff nominal damages;

f.    award costs and attorneys' fees under 42 U.S.C. § 1988; and

g.    award all other relief that the Court deems just, proper, or equitable.

Respectfully submitted,

Dated:  January 27, 2023

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
JAMES J. FITZPATRICK III, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842