## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Fraternal Order of Police Pennsylvania Lodge, *et al.*, | No. 2:23-cv-00332-KSM |
| Plaintiffs, | |
| v. | |
| Township of Springfield, *et al.*, | |
| Defendants. | |

**ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

*AND NOW*, come Defendants, Township of Springfield, James Lee, Baird M. Standish, Michael E. Maxwell, Susanna O. Ratsavong, Peter D. Wilson, Jonathan C. Cobb, Eddie T. Graham, and A. Michael Taylor (hereinafter collectively "Defendants"), by and through their undersigned counsel, and respond to the allegations of Plaintiffs' Complaint as follows:

### Introduction

The Introduction to Plaintiffs' Complaint fails to comply with FED. R. CIV. P. 10(b), which requires that Plaintiffs set forth their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." The Introduction further constitutes a conclusion of law to which no responsive pleading is required.

### Parties, Jurisdiction, and Venue

1. Denied. Paragraph 1 of Plaintiffs' Complaint fails to conform to FED. R. CIV. P. 10(b), which requires that Plaintiffs set forth their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." By way of further response, Plaintiff FOP's

designated representative, Joseph Regan, testified that he did not believe that the Resolution at issue violated any First Amendment rights of Plaintiff FOP.

2. Denied. Paragraph 2 of Plaintiffs' Complaint fails to conform to FED. R. CIV. P. 10(b), which requires that Plaintiffs set forth their claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part, denied in part. It is admitted that Mr. Lee is a member of the Springfield Township Board of Commissioners. The remainder of the allegations contained in Paragraph 7 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

8. Admitted in part, denied in part. It is admitted that Mr. Standish is a member of the Springfield Township Board of Commissioners. The remainder of the allegations contained in Paragraph 8 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

9. Admitted in part, denied in part. It is admitted that Mr. Maxwell is a member of the Springfield Township Board of Commissioners. The remainder of the allegations contained in Paragraph 9 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

10. Admitted in part, denied in part. It is admitted that Ms. Ratsavong is a member of the Springfield Township Board of Commissioners. The remainder of the allegations contained in

Paragraph 10 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

11.     Admitted in part, denied in part.  It is admitted that Mr. Wilson is a member of the Springfield Township Board of Commissioners.  The remainder of the allegations contained in Paragraph 11 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

12.     Admitted in part, denied in part.  It is admitted that Mr. Cobb is a member of the Springfield Township Board of Commissioners.  The remainder of the allegations contained in Paragraph 12 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

13.     Denied.

14.     Admitted in part, denied in part.  It is admitted that Mr. Taylor is the Springfield Township Manager.  The remainder of the allegations contained in Paragraph 14 of Plaintiffs' Complaint constitute a conclusion of law to which no responsive pleading is required.

15.     Paragraph 15 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 15 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

16.     Paragraph 16 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required.  To the extent that Paragraph 16 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

17.     Admitted.

18.     Denied.  As at least one federal court has recognized, the "Thin Blue Line American Flag" has "come to signal opposition to the racial justice movement."  *Swantack v. New Albany*

*Park Condominium Association Board of Directors*, 2022 WL 17600518, *1 n. 1 (S.D. Ohio December 13, 2022).

19. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 19 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded. By way of further response, at least one federal court has recognized, the "Thin Blue Line American Flag" has "come to signal opposition to the racial justice movement." *Swantack v. New Albany Park Condominium Association Board of Directors*, 2022 WL 17600518, *1 n. 1 (S.D. Ohio December 13, 2022).

20. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 20 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded. By way of further response, at least one federal court has recognized, the "Thin Blue Line American Flag" has "come to signal opposition to the racial justice movement." *Swantack v. New Albany Park Condominium Association Board of Directors*, 2022 WL 17600518, *1 n. 1 (S.D. Ohio December 13, 2022).

21. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 21 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

22. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 22 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded. By way of further response, at least one federal court has recognized, the "Thin Blue Line American Flag" has "come to signal opposition to the racial justice movement." *Swantack v. New Albany Park Condominium Association Board of Directors*, 2022 WL 17600518, *1 n. 1 (S.D. Ohio December 13, 2022).

23. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 23 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

24. Admitted.

25. Admitted.

26. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 26 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

27. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 27 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

28. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 28 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

29. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 29 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

30. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 30 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

31. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 31 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

32. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 32 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

33. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 33 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

34. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 34 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

35. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 35 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

36. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 36 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

37. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 37 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

38. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 38 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

39. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 39 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

40. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 40 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

41. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 41 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

42. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 42 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

43. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 43 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

44. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 44 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

45. Denied as stated. Exhibit "1" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

46. Denied as stated. Exhibit "1" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

47. Denied as stated. Exhibit "1" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

48. Denied as stated. Exhibit "1" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

49. Denied as stated. Exhibit "1" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

50. Denied as stated. Exhibit "1" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

51. Denied as stated. Exhibit "2" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

52. Denied. Exhibit "3" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

53. Denied. Exhibit "3" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

54. Denied. Exhibit "3" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

55. Denied as stated. Paragraph 55 of Plaintiffs' Complaint refers to a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

56. Denied as stated. Exhibit "4" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

57. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 57 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded. By way of further response, Plaintiff FOP's designated representative, Joseph Regan, testified that he did not believe that the Resolution at issue violated any First Amendment rights of Plaintiff FOP. He further testified that the FOP does not intend to change its speech or practices in any way as a result of Resolution 1592.

58. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 58 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded. The Springfield PBA's designated representative, Christian Wilbur, testified that he was not aware of any provision of Resolution

that would authorize the Township to take any punitive actions against the Springfield PBA for violating Resolution 1592.

59. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 59 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

60. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 60 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

61. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 61 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

## Count I

62. All of the responses contained in the foregoing Paragraphs of this Answer are incorporated by reference herein as if the same were set forth at length.

63. Paragraph 63 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 63 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

64. Paragraph 64 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 64 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

65. Paragraph 65 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 65 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

66. Paragraph 66 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 66 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

67. Paragraph 67 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 67 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

68. Paragraph 68 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 68 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

69. Paragraph 69 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 69 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

70. Paragraph 70 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 70 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Paragraph 76 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 76 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

77. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 77 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

78. Denied. Paragraph 78 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 78 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

79. Denied. Paragraph 79 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 79 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

80. After a reasonable investigation, Defendants are without sufficient information to form a belief as to the truth of the matter asserted in Paragraph 80 of Plaintiffs' Complaint. As such, the averments are denied and strict proof thereof is demanded.

81. Paragraph 81 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 81 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

82. Denied as stated. Exhibit "4" to Plaintiffs' Complaint is a written document, the content of which speaks for itself. Defendants deny any attempt by Plaintiffs to mischaracterize the content of the written document.

83. Paragraph 83 of Plaintiffs' Complaint constitutes a conclusion of law to which no responsive pleading is required. To the extent that Paragraph 83 of Plaintiffs' Complaint does contain an averment of fact, the same is denied and strict proof thereof is demanded.

**WHEREFORE**, Defendants respectfully enter judgment in their favor and against Plaintiffs, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. §§

1988, 1927 and FED. R. CIV. P. 11, and such further relief that the Court should deem just and equitable.

### Affirmative Defenses

Defendants reserve the right to assert any and all applicable defenses to Plaintiffs' claims. Without limiting the generality of the foregoing, and without regard to whether the defenses set forth below are affirmative defenses within the meaning of FED. R. CIV. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants state as follows:

### First Affirmative Defense

Plaintiffs' Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### Second Affirmative Defense

At all times material hereto, Plaintiffs were afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

### Third Affirmative Defense

Plaintiffs lack standing to pursue the claims set forth in the Complaint.

### Fourth Affirmative Defense

Defendants' Ordinance regarding posting on Township property is content and viewpoint neutral.

### Fifth Affirmative Defense

Any limitation of Plaintiffs' speech as Township employees is greatly outweighed by legitimate concerns regarding the disruptions in the operations of the Police Department.

### Sixth Affirmative Defense

Resolution 1592 has no limiting effect of Plaintiffs' speech or expressive freedom.

### Seventh Affirmative Defense

Plaintiffs are not entitled to punitive, liquidated or compensatory damages.

### Eighth Affirmative Defense

The Individual Defendants are entitled to qualified immunity with regard to any claim for monetary damages.

### Ninth Affirmative Defense

Plaintiffs have not suffered any actual or potential harm as a result of the enactment of Resolution 1592.

### Tenth Affirmative Defense

Plaintiffs are not entitled to declaratory or injunctive relief.

### Twelfth Affirmative Defense

Defendants assert all available defenses not specifically set forth above.

*WHEREFORE*, Defendants respectfully request that this Honorable Court enter judgment in their favor and against Plaintiffs, together with costs, disbursements, and attorney's fees under, *inter alia*, 42 U.S.C. §§ 1988, 1927 and FED. R. CIV. P. 11, and such further relief that the Court should deem just and equitable.

                Respectfully submitted:

                **DEASEY, MAHONEY & VALENTINI, LTD.**

By:   /s/ *Rufus A. Jennings*
                Rufus A. Jennings, Esquire
                Pa. Attorney Identification No. 93030
                1601 Market Street, Suite 3400
                Philadelphia, PA 19103
                Phone:  (215) 587-9400
                Fax:     (215) 5879456
                Email:  rjennings@dmvlawfirm.com

                Attorney for Defendants

Date: July 10, 2023

- 16 -

**CERTIFICATE OF SERVICE**

I, Rufus A. Jennings, hereby certify that, on the date set forth below, I did cause a true and correct copy of the foregoing Answer to Plaintiffs' Complaint with Affirmative Defenses to be filed with the Court's ECF/PACER electronic filing system, where they were available for immediate viewing and download to the following individuals:

Walter S. Zimolong III, Esquire
James J. Fitzpatrick III, Esquire
**ZIMOLONG, LLC**
P.O. Box 552
Villanova, PA 19085-0552

/s/ *Rufus A. Jennings*

Rufus A. Jennings, Esquire

Date: July 10, 2023