IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET. AL., | : : : : | No.   23-332-KSM |
| Plaintiffs | : : | |
| v. | : : | |
| TOWNSHIP OF SPRINGFIELD, ET. AL. | : : : | |
| Defendants | : : | |

# ORDER

AND NOW, this _____ day of _____ 202___, upon consideration of the Motion for Attorneys Fees under 42 U.S.C. § 1988 and costs of plaintiffs, Fraternal Order of Police Pennsylvania Lodge, Springfield Police Benevolent Association, Christian Wilbur, Robert Baiada, and Chris Calhoun's and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED** and Plaintiffs are awarded attorneys fees in the amount of **$228,081** and costs of **$2,708.38**.

BY THE COURT:

_____
KAREN SPENCER MARSTON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET. AL., | : : : : | No.   23-332-KSM |
| Plaintiffs | : | |
| v. | : : | |
| TOWNSHIP OF SPRINGFIELD, ET. AL. | : : | |
| Defendants | : : | |

## MOTION FOR AWARD OF ATTORNEYS FEES
## UNDER 42 U.S.C. § 1988 AND COSTS UNDER FEDERAL RULE 54

Prevailing plaintiffs, Fraternal Order of Police Pennsylvania Lodge, Springfield Police Benevolent Association, Christian Wilbur, Robert Baiada, and Chris Calhoun, file this Motion for Award of Attorneys Fees under 42 U.S.C. § 1988 and costs under Fed. R. Civ. P. 54. In support thereof they rely upon the accompanying Memorandum of Law, Declaration of Walter S. Zimolong III, Esquire, Declaration of James J. Fitzpatrick III, Esquire, timesheets for Walter S. Zimolong III and James J. Fitzpatrick III, and invoice of costs.

Respectfully submitted,

Dated:  November 22, 2023

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
JAMES J. FITZPATRICK III, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET. AL., :<br><br>Plaintiffs :<br>v. :<br>TOWNSHIP OF SPRINGFIELD, ET. AL. :<br>Defendants : | No.   23-332-KSM |

MEMORANDUM OF LAW IN SUPPORT MOTION FOR AWARD OF ATTORNEYS FEE UNDER 42 U.S.C. § 1988 AND COSTS UNDER FEDERAL RULE 54

I.   PROCEDURAL BACKGROUND

On January 27, 2023, plaintiffs, Fraternal Order of Police Pennsylvania Lodge, Springfield Police Benevolent Association, Christian Wilbur, Robert Baiada, and Chris Calhoun commenced an action against defendants, Township of Springfield, and Commissioners James Lee, Baird M. Standish, Michael E. Maxwell, Susanna O. Ratsavong, Peter D. Wilson, Jonathan C. Cobb, Eddie T. Graham (since replaced by Brendan May), and A. Michael Taylor – all in their official capacity – alleging the Township and its Commissioners violated their First and Fourteenth Amendment rights when they enacted Resolution No. 1592 (the "Resolution"), which banned the display or depiction of the Thin Blue Line American Flag. ECF No. 1. The complaint

3

sought declaratory and injunctive relief and attorneys fees and costs under 42 U.S.C. § 1988. *Id.*, demand for relief.

The same day plaintiffs filed a motion for a temporary restraining order and preliminary injunction seeking an order enjoining defendants from enforcing or enacting the Resolution. ECF No. 2. On February 1, 2023, that motion was resolved when the parties entered into a stipulated order barring implementation or enforcement of the Resolution until further order of the Court. ECF No. 8. Thereafter the case proceeded through discovery. At the close of discovery, the parties filed competing motions for summary judgment.

On November 13, 2023, this Court granted plaintiffs motion for summary judgment, declared "Resolution 1592" unconstitutional, and permanently enjoined defendants from enforcing its terms. ECF No. 61. The Court further entered judgment in favor of plaintiffs. *Id.*, ¶ 3.

II. ARGUMENT

    A. PLAINTIFFS ARE ENTITLED TO ATTORNEYS FEES UNDER 42 U.S.C. § 1988 BECAUSE THEY ARE THE PREVAILING PARTY.

Under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, the prevailing party in an action brought under 42 U.S.C. § 1983 is entitled to an award of reasonable attorneys fees incurred in the action. *Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002) ("[I]t is well settled that a prevailing plaintiff should recover an award of attorney's fees absent special circumstances.") "The plaintiff will be considered a prevailing party when he succeeds on 'any significant issue' that achieves some of the benefit the plaintiff sought in bringing suit." Federal

Judicial Center, *Section 1983 Litigation,* at § XXII (Attorneys' Fees), p. 198 (2d ed.2008).

Here, there is no question that plaintiffs were the prevailing party in this litigation. The gravamen of their complaint was the constitutionality of the Resolution. Plaintiffs sought a declaration that the Resolution violated the First Amendment and was unconstitutional. They further sought a permanent injunction barring defendants implementing or enforcing the Resolution. The Court granted judgment in favor of the plaintiffs, declared the Resolution unconstitutional and permanently enjoined enforcement of its terms. In short, the Court awarded plaintiffs all the relief they requested. Accordingly, as the prevailing party, plaintiffs are entitled to attorneys fees under 42 U.S.C. § 1988 and the only question that remains is the reasonableness of the attorneys fees plaintiffs request.

The reasonableness of attorneys fees under Section 1988 begins with "the 'lodestar' i.e., the number of hours worked multiplied by the prevailing hourly rates. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). "[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* at 551. Since the Third Circuit adopted the approach in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, the lodestar has "achieved dominance in the federal courts" and "become the guiding light of our fee-shifting jurisprudence.'" *Id.* (citations omitted).

In calculating hours, a court should "[t]he district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Int. Rsch. Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted). "Hours that would not generally be billed to one's own client are not properly billed to an adversary." *Id*. The determination inevitably requires the court "to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989)

Calculating a reasonable rate is a factual question determined by the evidence in the record requires the Court "to assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 708 (3d Cir. 2005), as amended (Nov. 10, 2005).

1. **Total number of hours worked is reasonable.**

As to the first prong of the lodestar analysis, counsel for plaintiffs is requesting reimbursement for a total of 395.40 hours worked on this litigation. A Declaration of Attorney Walter S. Zimolong, III ("Attorney Zimolong") is attached. Attorney Zimolong's declaration attests to the number of hours he spent on this litigation and attaches a spreadsheet of hours worked that was exported from his Clio billing

program. A Declaration of James J. Fitzpatrick III, Esquire ("Attorney Fitzpatrick") is also included with this motion and which attests to the number of hours spent working on this matter for plaintiffs. An excel spreadsheet showing tasks Attorney Zimolong and Attorney Fitzpatrick completed, the hours expended in completing these tasks, and the total hours worked is attached at Exhibit 1. This spreadsheet is exported from the firm's time tracking software, Clio. Attorneys Zimolong and Fitzpatrick maintained time records contemporaneously using their Clio software.

The total number of hours worked is more than reasonable. This litigation lasted for approximately nine months. It required counsel for plaintiffs to prepare a complaint and motion for a preliminary injunction. It required plaintiffs to prepare for a hearing on that motion for a preliminary injunction until the preliminary injunction was resolved by stipulation. Plaintiffs were required to respond to Rule 12(b)(6) motion to dismiss. Plaintiffs were required to engage in time consuming discovery practice, largely at the request of defendants. Defendants deposed each individual plaintiff and designees of the associational plaintiffs (5 total depositions). Counsel for plaintiffs not only had to defend those depositions but had to prepare each party for their respective deposition. Defendants also served several sets of written discovery to plaintiffs. And, even after plaintiffs responded to those discovery requests, defendants claimed that the answers were deficiencient and demanded more complete answers. This caused numerous meet and confers to avoid motion practice. Defendants' discovery demands also required plaintiffs to seek a protective order from this Court, which the Court granted. ECF No. 36. Responding to

defendants document requests required counsel for plaintiffs to review several hundred pages of documents. The case culminated in competing motions for summary judgment. Accordingly, plaintiffs had to prepare their own motion for summary judgment and then respond to the motion for summary judgment from defendants. Thereafter, counsel for plaintiffs had to prepare for oral argument on those motions and present argument before the Court.

### 2. The hourly rate requested by counsel is reasonable.

Regarding the reasonableness of the rates charged, "[t]he general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community." *Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). "The fee schedule established by Community Legal Services, Inc. ("CLS") has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (internal citation removed); *see also, MP by & through VC v. Parkland Sch. Dist.*, No. 5:20-CV-04447, 2021 WL 5177012, at *2 (E.D. Pa. Nov. 5, 2021). A copy of CLS's fee schedule can be found at https://clsphila.org/about-community-legal-services/attorney-fees/

#### a.  Attorney Zimolong

Attorney Zimolong is the founder of Zimolong LLC. Attached to Attorney Zimolong's Declaration is a *curriculum vitae* which sets forth Attorney Zimolong's qualifications in detail. Attorney Zimolong has been an attorney for twenty-one (21)

years and been lead counsel in well over 500 cases litigated in federal and state courts. He has been lead counsel in numerous constitutional and civil rights cases including several involving violations of the First Amendment, such as *Pawlucy v. School District of Philadelphia,* No. 2:2012-cv-07134 and *Feibush v. Kenyatta Johnson*, No. 2:2014-cv-03947. He has tried dozens of cases to verdict. He has presented argument before the Third Circuit Court of Appeals, the Pennsylvania Supreme Court, the New Jersey Supreme Court, the Commonwealth Court of Pennsylvania, Superior Court of Pennsylvania, and the Appellate Division of the New Jersey Superior Court. Attorney Zimolong's hourly rate of $715 is in accordance with the Community Legal Services fee schedule for attorneys of similar experience. Accordingly, Attorney Zimolong's hourly rate is reasonable.

### b. Attorney Fitzpatrick.

Attorney Fitzpatrick is a partner at Zimolong LLC. Attorney Fitzpatrick's attached declaration summarizes his relevant experience. In short, Attorney Fitzpatrick has been an attorney for eight (8) years and has represented a variety of civil litigants in both civil rights and election law related matters. In additional to graduating from Temple University School of Law, Attorney Fitzpatrick is a Captain in the Judge Advocate General's Corps of the United States Army and is a graduate of the Army's Judge Advocate General's Legal Center and School and the Judge Advocate Officer Advanced Course. Attorney Fitzpatrick's hourly rate of $415 is in accordance with the Community Legal Services fee schedule. Accordingly, Attorney Fitzpatrick's hourly rate is reasonable.

c. Summary of Time and Rates.

The fees for Attorney Zimolong and Attorney Fitzpatrick calculated using the lodestar method are as follows[1]:

| Attorney | Years of Experience | Time | Hourly Rate | Amount |
|---|---|---|---|---|
| Walter S. Zimolong III | 21 | 213.3 | $715 | $152,509.50 |
| James J. Fitzpatrick | 8 | 182.10 | $415 | $75,571.50 |
| TOTAL | | 395.40 | | $228,081 |

B. PLAINTIFFS ARE ENTITLED TO COSTS UNDER FED. R. CIV. P. 54.

The Court should also award plaintiffs costs of $2,708.38. Rule 54(d)(1) states, in relevant part, "except when express provision thereof is made either in statute of the United States or in these rules, costs other than attorneys fees *shall be allowed* as of course to the prevailing party unless the court otherwise directs." Rule 54 "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000), as amended (Sept. 15, 2000) (citations omitted). 28 U.S.C. § 1920 identifies types of costs that the Court may tax. They include (a) filing fees imposed by the Clerk (28 U.S.C. § 1920(1)); (b) deposition transcript fees (28 U.S.C. § 1920(2)); and (c) costs to make copies of materials for use in the case (28 U.S.C. § 1920(4)). Plaintiffs request reimbursement for costs for filing fees, deposition transcripts, and copies all of which are squarely recoverable costs. A summary of the costs is as follows:

| Type | Amount | Statute |
|---|---|---|
| Filing Fee | $402.00 | 28 U.S.C. § 1920(1) |

---

[1] A detailed statement of hours expended by attorney with a description of the work performed appears at Exhibit 1.

| Deposition Transcripts | $2189.23 | 28 U.S.C. § 1920(2) |
|---|---|---|
| Copies | $117.15 | 28 U.S.C. § 1920(4) |
| **TOTAL** | **$2708.38** | |

A detailed statement of costs is attached at Exhibit 2.

### III. CONCLUSION

Based on the foregoing, plaintiffs respectfully request that under 42 U.S.C. § 1988, the Court award them attorneys fees of $228,081 and, under Rule 54(d)(1), award costs of $2708.38.

Respectfully submitted,

Dated: November 22, 2023

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
JAMES J. FITZPATRICK III, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

*Counsel for Plaintiffs*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET. AL., | : : : : | No.  23-332-KSM |
| Plaintiffs | : | |
| v. | : : | |
| TOWNSHIP OF SPRINGFIELD, ET. AL. | : : | |
| Defendants | : : | |

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Dated:  November 22, 2023                                              */s/ Walter S. Zimolong*