**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| Fraternal Order of Police Pennsylvania Lodge, *et al.*, | : : : | No. 2:23-cv-00332-KSM |
| Plaintiffs, | : : | |
| v. | : : | Honorable Karen S. Marston, J. |
| Township of Springfield, *et al.*, | : : : | |
| Defendants. | : : | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

  *AND NOW*, comes Defendants, Township of Springfield, James Lee, Baird M. Standish, Michael E. Maxwell, Susanna O. Ratsavong, Peter D. Wilson, Jonathan C. Cobb, Brendan May, and A. Michael Taylor (hereinafter "Defendants"), by and through its undersigned counsel, and submits this Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees.

**I.      Introduction and Procedural Background**

  Springfield Township is a first-class township located on the northwest border of Philadelphia.  In 2023, in response to resident reaction in opposition to the Police Benevolent Association adopting a logo incorporating the "Thin Blue Line American Flag", the Township passed Resolution 1592, which announced the policy of the Township in opposition to the display of the TBLAF on Township property and by Township employees while on duty or while in uniform.  The Township then issued a directive to its employees with three (3) narrowly-tailored restrictions: 1) employees were not permitted to display the Thin Blue Line American Flag on their clothing or skin while on duty or while in uniform; 2) Township employees were not permitted to

display the Thin Blue Line American Flag on any personal property inside the Township building while on duty in such a location that visiting members of the public would be likely to see it; and 3) individuals were not permitted to install or affix the Thin Blue Line American Flag to Township property (including vehicles).  On January 27, 2023, Plaintiffs filed this lawsuit, asserting claims under the First and Fourteenth Amendments.  Following discovery, all parties moved for summary judgment.  On November 13, 2023, the Court granted Plaintiffs' motion for summary judgment. Plaintiffs' counsel subsequently petitioned for an award of attorneys' fees.

As set forth herein, Defendants oppose that request in its entirety.

## II.    Legal Argument

### a.    *Plaintiff Is Not Entitled to Attorneys' Fees*

As Plaintiffs' counsel initiated representation in violation of the Pennsylvania Rules of Professional Conduct, the Court should deny the Petition for Attorneys' fees in its entirety.

Pursuant to PA.R.PROF.CON. 7.3(a):

> A lawyer shall not solicit in-person or by intermediary professional employment from a person with whom the lawyer has no family or prior professional relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted is a lawyer or has a family, close personal, or prior professional relationship with the lawyer.  The term "solicit" includes contact in-person, by telephone or by real-time electronic communication, but, subject to the requirements of Rule 7.1 and Rule 7.3(b), does not include written communications, which may include targeted direct mail advertisements.

During discovery, Christian Wilbur, President of the PBA, provided the following testimony about the commencement of representation in this matter:

> Q:    Chris Calhoun testified that he was introduced to your attorney, current attorneys, by you.  How did you become aware of Mr. Zimolong and Mr. Fitzpatrick?
>
> A:    Mr. Fitzpatrick reached out by phone.

- 2 -

> Q:     And that was an unsolicited conversation, unsolicited communication?
>
> A:     Yes.[1]

Pursuant to Rules 7.3(a), this unsolicited telephone call was improper, as Plaintiffs' counsel clearly is motivated by pecuniary gain.  The Complaint contains a demand for attorneys' fees and counsel now is seeking almost $230,000.00 in fees.  There is no dispute that Plaintiffs' counsel did make an unsolicited telephone call to Plaintiff Wilbur in order to obtain this representation.  Under these circumstances, where there has been a clear disregard for the Rules of Professional Conduct in soliciting this representation, Plaintiffs' counsel must be barred from profiting off that violation.  As such, the request for attorneys' fees should be rejected in its entirety.

### b.     The Rates Sought Are Inflated

Second, the rate sought by Attorney Zimolong is inflated compared to his experience in civil rights actions.

> The court first determines the reasonable hourly rate for plaintiff's counsel.  A reasonable hourly rate is the "prevailing market rate in the relevant community" of an attorney with "experience and skill" comparable to that of the prevailing party's attorney.  The prevailing party has the burden of establishing that the requested hourly rate comports with the above standard.  Once the prevailing party has met this burden, the defendant may contest the rates sought only with appropriate record evidence.

*Horizon House v. East Norriton Township*, 2023 WL 1765912, *3 (E.D. Pa. February 3, 2023) (*internal citations and formatting omitted*).  Attorney Zimolong seeks $715.00 per hour, which is at the extreme end of the fees recommended by Community Legal Services of Philadelphia for attorneys with 21-25 years of experience.[2]  However, not only does Attorney Zimolong fall at the

---

[1] Deposition of Christian Wilbur, attached hereto as Exhibit "A", at p. 36, lns. 17-24.
[2] https://clsphila.org/about-community-legal-services/attorney-fees/

extreme early side of this spectrum, having been admitted on October 23, 2002, but he has very little experience in civil right cases to warrant the fees sought.

According to the Eastern District of Pennsylvania Dockets, Attorney Zimolong has appeared in sixty-seven (67) other cases over his twenty-one (21) year career.  However, only eleven (11) of those cases are identified as involving civil rights claims, and four (4) of those cases were decided against Attorney Zimolong's client on a motion.  This level of experience does not warrant the fee sought by Mr. Zimolong.  Similarly, Attorney Fitzpatrick has only ever entered his appearance in eight (8) other cases before this court.  Of those, only two (2) involved civil rights claims, both of which also included Attorney Zimolong.  One of those was dismissed on motion.[3]  In the other, *Sergent v. The School District of Philadelphia*,[4] the Honorable Chad K. Kenney denied the plaintiffs' request for a preliminary injunction, holding that, "this Court finds that Plaintiffs' so-called "smoking gun" is, at this stage, merely smoke, as the plain language of the policy statement does not provide what Plaintiffs claim that it does, and Plaintiffs' interpretation of its meaning is, as of yet, unsupported by the record."  *Sergent v. City of Philadelphia*, 2022 WL 3155408, *1 (E.D. Pa. August 8, 2022).  This record does not warrant an award of attorneys' fees at the high end of the spectrum proffered by Community Legal Services.  As such, even if the Court were to find that counsel's violation of the Rules of Professional Conduct does not warrant a complete bar on an award of attorneys' fees, the rate awarded should be drastically reduced to reflect counsel's lack of experience in the field of civil rights.

> c. **The Hours Claimed are Patently Unreasonable**

Further, as counsel is seeking compensation for administrative tasks, the hours billed also should be reduced.  "The district court should exclude hours that are not reasonably expended.

---

[3] *Auslander v. Tredyffrin/Easttown School District*, Case No. 22-cv-01425.
[4] Case No. 2-cv-01509.

Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Rode v. Dellaciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990) (*internal citation omitted*).  Where a fee petition is grossly excessive, the Court has the right to reject it in its entirety.  *Young v. Smith*, 905 F.3d 229, 236 (3rd Cir. 2018).  In this case, the fees submitted by Plaintiff's counsel include clear examples of administrative tasks for which Defendants should not be liable.  These include:

### Attorney Fitzpatrick

- 1/18/2023 (.3 hours) – Drafting a representation agreement – Plaintiffs all testified that no fee agreement existed.  Counsel also seeks fees on 1/18/2023 (.4 hours total) and 1/19/2023 (.1 hours) for reviewing these agreements.

- 1/18/2023 (.5 hours) – Interview on Dom Giordano radio show – This has nothing to do with litigation.

- 1/18/2023 (.3 hours) – Confer with WSZ on fee awards – This demonstrates that there was a financial motive in the litigation from the start.

- 1/23/2023 (.1 hours) – "read and respond to email from potential additional plaintiffs" – These are not parties and time spent speaking with them, should not be compensable.

- 1/27/2023 (.1 hours) – Review ECF filing email – This is an administrative task.

- 1/27/2023 (.1 hours) – "Review email from Susan Silenzi re: filing of complaint" – Ms. Silenzi appears to be office staff.  This type of routine, administrative, internal communication should not be compensable.

- 1/30/2023 (.1 hours) – "Review email from Susan." – Presumably, this also is an internal, administrative email.

- 1/31/2023 (.1 hours) – "Confer with Susan Silenzi (assistant) on case updates" – This is an administrative task.

- 5 -

- 2/1/2023 (.1 hours) – "Review email from Susan" – This is an administrative task.

- 2/1/2023 (.1 hours) – "Compose email to Susan re: ECF notifications on case" – another administrative task.

- 2/1/2023 (.2 hours) – "Review various emails from Chestnut Hill Local reporter Tom Beck" – This is not a proper litigation task.

- 2/2/2023 (.3 hours) – "Listen and take notes on co-counsel media appearance discussing relevant updates on litigation" – This is not a proper litigation task.

- 2/3/2023 (.1 hours) – "Review email from Susan on Service of Summons" – This is an administrative task.

- 2/3/2023 (.4 hours) – time spent to draft and review edits to a Waiver of Service.  This is a .pdf form that does not require any drafting or editing.  It can be completed in seconds by administrative staff.

- 2/7/2023 (.1 hours) – Review ECF email from court – This is an administrative task.

- 2/7/2023 (.1 hours) – "Review email from Susan" – This is an internal, administrative task.

- 2/8/2023 (.2 hours) – "Confirm Wally radio appearance to discuss case" – This is an administrative task unrelated to actual litigation.

- 3/9/2023 (1.0 hours) – Counsel billed to review discovery requests that already had been reviewed on 2/22/2023 and 2/24/2023.

- 4/7/2023 (.2 hours) – "Review ECF email[s]" re: Order and Opinion – review of these documents already was billed on the same day.

- 4/19/2023 (.1 hours) – "Send Wally draft interrogatories for review" – This is an internal, administrative task.

- 4/11/2023, 4/13/2023, 4/18/2023, 4/19/2023, 4/24/2023 (4.9 hours total) – Preparation of eighteen (18) interrogatories should not take an experienced attorney almost five (5) hours.

- 5/9/2023 (.1 hours) – "Confer with Susan on logistics for remote deposition" – This is an administrative task.

- 5/10/2023 and 5/11/2023 (.3 hours) – Emails to and from a court reporter are administrative tasks.

- 5/31/2023 (1.0 hours) – "Deposition prep with Christian Wilbur – Mr. Wilbur testified that, other than review Mr. Calhoun's deposition transcript, he did not do anything to prepare for his deposition.[5]

- 6/8/2023 (.1 hours) – "Review email from Susan RE: Taylor deposition – This is an administrative task.

- 6/27/2023 (.1 hours) – "Review ECF emails" – counsel billed separately to review the documents filed.  This is duplicative.

In addition, counsel double-billed for myriad communications, emails, text messages, telephone calls, and meeting between Attorney Fitzpatrick and Attorney Zimolong.  This double-billing should be stricken as excessive.  In addition, both Attorney Zimolong and Attorney Fitzpatrick each billed to send and review each and every email sent by any party in this matter. Both attorneys also billed for review of all filings, Orders, and Opinions.  Only one (1) attorney should be permitted to bill for sending or review of emails or for reviewing documents and Orders filed.

---

[5] Exhibit "A", at p. 11, lns. 4-13.

**<u>Attorney Zimolong</u>**

- 2/3/2023 (.8 hours) – Preparation of Waiver of Service forms – These are .pdf forms that do not require more than a minute to prepare.

- 3/17/2023 (.5 hours) – "Draft preliminary notice to the owner of intent to file lien" – This appears to be billed to the wrong case.

- 3/22/2023 (1.2) – "Deposition preparation of Christian Wilbur, Robert Baiada, and Chris Calhoun" – Plaintiff Wilbur testified that he did not do anything except review a deposition transcript to prepare for his deposition.

- 3/13/2023 (.3 hours) and 3/29/2023 (.4 hours) – These appears to be emails from Attorney Zimolong to himself.  This is not compensable.

- 3/15/2023 (.3 hours) – "Calendar deadlines for case management" – This is an administrative task.

- 4/24/2023 (2.0 hours) – "[F]inalize and serve interrogatories and requests for production directed to defendants." – Attorney Fitzpatrick already had billed 7.7 hours for these tasks. This is excessive.

- 5/10/2023 (.2 hours) – "[C]ontinue making edits to preliminary objections to complaint." – This appears to be billed to the wrong case.

- 5/23/2023 (.1 hours) – "[S]chedule deposition with paralegal" – This is an administrative task.

- 5/24/2023 (.3 hours) – "Telephone call to [c]heck on status of confirming court reporter" – This is both excessive and an administrative task.

- 5/24/2023 (.3 hours) – Prepare email to Karasch to secure court reporter for witness on 6,12,23" – This is both excessive and an administrative task.

- 6/8/2023 (.2 hours) and 6/9/2023 (.2 hours) – Communications with court reporter about upcoming deposition are an administrative task.

- 7/6/2023 (.2 hours) – "Prepare email to WSZ and JJF regarding invoice from ERSA Court Reporters for Chris Calhoun's transcript." – This appears to be an attempt to bill for an email sent by administrative staff.

- 9/15/2023 (.5 hours) – "[C]onference with Brian Seifert Swiss Re claims agent" – This appears to be billed to the wrong case.

As with Attorney Fitzpatrick, these invoices include myriad internal communications between attorneys, as well as duplicative billing for reviewing every email sent by any party, attorney, or the Court.  Defendants should not be subject to duplicative billing.

There are myriad other entries for internal review, communication with clients, and other entries for which Defendants have no objective means to identify the actual time spent.  Taken as a whole, however, these time entries demonstrate a clear attempt by Plaintiffs' counsel to artificially inflate the time they actually spent litigating this matter, in a manner intended to increase the fees sought against Defendant, a public entity.  As these entries render suspect the entirety of counsel's claimed invoices, the Court has no reliable basis to enter any award.

## III.    <u>Conclusion</u>

As set forth above, Plaintiffs' fee petition should be rejected due to Plaintiffs' counsel's violation of the Rules of Professional Conduct.  In addition, the fees submitted include rates that are substantially higher than warranted, and include duplicative, erroneous, and excessive billing items.  As such, Plaintiffs' claim for attorneys' fees should be denied.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**


By:     /s/ *Rufus A. Jennings*

Rufus A. Jennings, Esquire
Pa. Attorney Identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone:  (215) 587-9400
Fax:      (215) 587-9456
Email:  rjennings@dmvlawfirm.com

Attorney for Defendants

Date: December 6, 2023

## CERTIFICATE OF SERVICE

I, Rufus A. Jennings, hereby certify that on the date set forth below, I did cause a true and correct copy of Defendants' Response in Opposition to Plaintiffs' Motion for Attorneys' Fees to be filed with the Court's ECF/PACER electronic filing system where it was available for immediate viewing and download to the following individuals:

Walter S. Zimolong III, Esquire
James J. Fitzpatrick III, Esquire
**ZIMOLONG, LLC**
P.O. Box 552
Villanova, PA 19085-0552

/s/ *Rufus A. Jennings*

Rufus A. Jennings, Esquire

Date: December 6, 2023