IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET. AL., | : : : : | No.  23-332-KSM |
| Plaintiffs | : | |
| v. | : : | |
| TOWNSHIP OF SPRINGFIELD, ET. AL. | : : : | |
| Defendants | : | |

**REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEYS FEES AND COSTS UNDER 42 U.S.C. § 1988**

Defendants argue – for the first time – that counsel for plaintiffs violated Pennsylvania Rule of Professional Conduct 7.3 during this litigation and, therefore, the Court should deny plaintiffs' motion for attorneys fees and costs under 42 U.S.C. § 1988. Defendants claim plaintiffs' counsel violated RPC 7.3(a) by improperly "soliciting" plaintiff, Christian Wilbur, and was motved primary motivated by "pecuniary gain" in doing so. This argument lacks any merit.

First and foremost, defendants provide no caselaw holding that a motion for attorneys fees and costs under 42 U.S.C. § 1988 should be denied when an attorney allegedly violates Rule of Professional Conduct 7.3, let alone any other Rule of Professional Conduct. Moreover, the Pennsylvania Rules of Professional Conduct expressly state that the Rules should not, as here, be deployed as weapons by an

adversary to defeat a matter of procedure. The preamble to the Pennsylvania Rules of Professional Conduct is clear on this point:

> "Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, **violation of a Rule does not necessarily warrant any other non-disciplinary remedy, such as disqualification of a lawyer in pending litigation.** The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. **They are not designed to be a basis for civil liability. Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.** Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra disciplinary consequences of violating such a duty."

Preamble, Pa. R. Prof. C., n. 19 (emphasis added)

Still, Attorney Fitzpatrick did not violate the Rules of Professional Conduct. Pa.R.P.C 7.3(a) was designed to prevent "cold calling" a potential client because "there is a potential for abuse" where the potential client may "feel overwhelmed by the circumstances giving rise to the need for legal services, reasoned judgment and appropriate self-interest in the face of the lawyer's presence and insistence upon **being retained immediately**." Pa.R.P.C. 7.3, note 2 (emphasis added). As the Rules indicate this "the situation is fraught with the possibility of undue influence, intimidation, and over-reaching." *Id.* Using a snippet from the deposition transcript of Christian Wilbur, defendants suggest that occurred here. That is hardly the case.

For months before the passage of Resolution 1592, the Springfield Police Benevolent Association ("Springfield PBA") was actively seeking counsel regarding

issues concerning the Township of Springfield's (the "Township") antagonism, towards the Thin Blue Line American Flag and the Springfield PBA logo. Declaration of Christian Wilbur ("Wilbur dec."), ¶ 2. The Township's antagonism included threats of litigation. *Id.*, ¶ 3. Shortly after the Township passed Resolution 1592, plaintiff, Christian Wilbur, spoke to a colleague, who suggested he speak with Attorney Fitzpatrick about the matter. *Id.,* ¶ 4. He told his colleague that Attorney Fitzpatrick could call him to discuss the matter. *Id.*, ¶ 5. He told his colleague Attorney Fitzpatrick could call him on his cell phone. *Id.* Thereafter, Attorney Fitzpatrick did call Christian Wilbur to discuss Resolution 1592. *Id.*, ¶ 6. Christian Wilbur received his call and welcomed it. *Id.*, ¶ 7. During the call, Attorney Fitzpatrick did not pressure Wilbur to engage him immediately. *Id.*, ¶ 8. And Wilbur did not immediately engage Attorney Fitzpatrick and his firm, Zimolong. Id., 9. Rather, his decision to engage Zimolong LLC came later. *Id.*, ¶ 10.

Furthermore, whatever the import of Attorney Fitzpatrick's initial contact with Wilbur, defendants fail to explain why it should be used as a basis to deny a claim for attorneys fees and costs incurred in prevailing on behalf of the other plaintiffs. Defendants make no allegations regarding plaintiffs the Fraternal Order of Police Pennsylvania Lodge, Springfield PBA, Robert Baiada, and Chris Calhoun. Regarding the representation of Springfield PBA, the union's members had to approve the engagement of Zimolong LLC to pursue litigation against the Township regarding Resolution 1592, which they did after a vote. *Id.*, ¶¶ 11-12. That too took place after Attorney Fitzpatrick's initial phone call with Wilbur. *Id.* In sum, Attorney

Fitzpatrick did not "cold call" Christian Wilbur - or any other plaintiff - as defendants suggest. *Id.*, ¶ 12.

Yet, even if he did "cold call" Wilbur, a violation of Pa. R.P.C. 7.3(a) would only occur if "a significant motive" for doing so was "pecuniary gain." To satisfy this prong, defendants allege that Attorney Fitzpatrick was "clearly motivated by pecuniary gain" because plaintiffs' counsel request "almost $230,000 in fees." But defendants fail to acknowledge that when the initial call occurred, plaintiffs' counsel stood to gain little to nothing if the Township repealed or rescinded the Resolution shortly after litigation was commenced or at an earlier stage of this litigation. Defendants also fail to acknowledge that the attorneys fees are directly proportional to defendants scorched earth litigation strategy. The amount attorney fees and costs were driven in large part by their litigation strategy to vigorously defend Resolution 1592, which was clearly unconstitutional. That strategy included taking depositions and serving multiple sets of written discovery, even though plaintiffs brought a facial challenge to the ordinance and the facts were hardly disputed.

Accordingly, the Court should grant the motion for attorneys fees and costs under 42 U.S.C. § 1988.[1]

---

[1] Plaintiffs reserve the right to file a supplemental motion for attorney fees and costs to recover the attorney fees and costs incurred during defendants' appeal to the Third Circuit. However, notwithstanding that appeal, the district court retains jurisdiction to adjudicate the current motion for attorneys' fees and costs. *McBride v. Int'l Longshoremen's Ass'n*, 778 F.3d 453, 458, n. 6 (3d Cir. 2015) ("The District Court ha[s] jurisdiction to rule on attorney's fees while the appeal was pending.")

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 7, 2023 | */s/ Walter S. Zimolong* <br> WALTER S. ZIMOLONG III, ESQUIRE <br> JAMES J. FITZPATRICK III, ESQUIRE <br> Zimolong, LLC <br> PO Box 552 <br> Villanova, PA 19085-0552 <br> Tele: 215-665-0842 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET AL. | : | No. 2:23-cv-00332-KSM |
| Plaintiff | : | |
| v. | : | |
| TOWNSHIP OF SPRINGFIELD, ET AL. | : | |
| Defendants | : | |

### Certificate of Service

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Date: December 7, 2023                    */s/ Walter S. Zimolong, Esquire*