IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| Fraternal Order of Police Pennsylvania Lodge, *et al.*, | : : : | No. 2:23-cv-00332-KSM |
| Plaintiffs, | : : | |
| v. | : : | Honorable Karen S. Marston, J. |
| Township of Springfield, *et al.*, | : : : | |
| Defendants. | : : | |

# ORDER

  *AND NOW*, this    day of     , 2023, upon consideration of Defendants' Motion to Strike Plaintiffs' Sham Affidavit and Plaintiffs' response thereto, it is hereby ***ORDERED*** and ***DECREED*** that the Motion is ***GRANTED***.  The Affidavit attached to Plaintiffs' Reply Brief in Support of Plaintiffs' Petition for Attorneys' Fees is hereby ***STRICKEN*** from the record.

                   **BY THE COURT**:

                   _____
                   Hon. Karen S. Marston, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Fraternal Order of Police Pennsylvania Lodge, *et al.*, | No. 2:23-cv-00332-KSM |
| Plaintiffs, | |
| v. | Honorable Karen S. Marston, J. |
| Township of Springfield, *et al.*, | |
| Defendants. | |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SHAM AFFIDAVIT

*AND NOW*, come Defendants, Township of Springfield, James Lee, Baird M. Standish, Michael E. Maxwell, Susanna O. Ratsavong, Peter D. Wilson, Jonathan C. Cobb, Eddie T. Graham, and A. Michael Taylor (hereinafter "Defendants"), by and through their undersigned counsel, and move this Honorable Court to strike Plaintiffs' sham affidavit, and in support thereof aver as follows:

1. Plaintiffs initiated this action on January 27, 2023, by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania.

2. Plaintiffs' Complaint contains a single cause of action pursuant to 42 U.S.C. § 1983, alleging a violation of Plaintiffs' First Amendment rights, as incorporated by the Fourteenth Amendment.

3. On August 18, 2023, the Parties filed cross-motions for summary judgment pursuant to FED. R. CIV. P. 56 and memoranda of law in support thereof.

4. On November 13, 2023, the Court granted Plaintiffs' motion for summary judgment.

5. Plaintiffs' counsel subsequently petitioned for an award of attorneys' fees.

- 2 -

6.      On December 6, 2023, Defendants responded to that Petition.

7.      In that response, Defendants provided sworn deposition testimony from Plaintiff Wilbur showing that Plaintiffs' counsel had solicited this representation in violation of the Pennsylvania Rules of Professional Conduct.

8.      In response to that argument, Plaintiffs provided an affidavit from Plaintiff Wilbur that completely contradicts his unambiguous, sworn deposition testimony.

9.      As the affidavit was provided solely to cover up a violation of the Rules of Professional Conduct, the Court must reject it under the sham affidavit doctrine.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant this Motion and enter an Order striking the affidavit of Christian Wilbur attached to Plaintiffs' Reply Brief in Support of Plaintiffs' Petition for Attorneys' Fees.

Respectfully submitted,

**DEASEY, MAHONEY & VALENTINI, LTD.**

By:   /s/ *Rufus A. Jennings*

Rufus A. Jennings, Esquire
Pa. Attorney Identification No. 93030
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone:  (215) 587-9400
Fax:     (215) 587-9456
Email:  rjennings@dmvlawfirm.com

Date: December 11, 2023

- 3 -

## CERTIFICATE OF SERVICE

I, Rufus A. Jennings, hereby certify that, on the date set forth below, I did cause a true and correct copy of Defendants' Motion to Strike Plaintiffs' Sham Affidavit and Memorandum of Law in Support thereof to be filed with the Court's ECF/PACER electronic filing system, where they were available for immediate viewing and download to the following individuals:

Walter S. Zimolong III, Esquire
James J. Fitzpatrick III, Esquire
**ZIMOLONG, LLC**
P.O. Box 552
Villanova, PA 19085-0552

/s/ *Rufus A. Jennings*

Rufus A. Jennings, Esquire

Date: December 11, 2023

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Fraternal Order of Police Pennsylvania Lodge, *et al.*, | No. 2:23-cv-00332-KSM |
| Plaintiffs, | |
| v. | Honorable Karen S. Marston, J. |
| Township of Springfield, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO STRIKE PLAINTIFFS' SHAM AFFIDAVIT**

*AND NOW*, come Defendants, Township of Springfield, James Lee, Baird M. Standish, Michael E. Maxwell, Susanna O. Ratsavong, Peter D. Wilson, Jonathan C. Cobb, Eddie T. Graham, and A. Michael Taylor (hereinafter "Defendants"), by and through their undersigned counsel, and submit this Memorandum of Law in Support of Defendants' Motion to Strike Plaintiffs' Sham Affidavit.

### I.     Introduction and Procedural Background

Springfield Township is a first-class township located on the northwest border of Philadelphia. In 2023, in response to resident reaction in opposition to the Police Benevolent Association adopting a logo incorporating the "Thin Blue Line American Flag" (hereinafter "TBLAF"), the Township passed Resolution 1592, which announced the policy of the Township in opposition to the display of the TBLAF on Township property and by Township employees while on duty or while in uniform. The Township then issued a directive to its employees with

three (3) narrowly-tailored restrictions: 1) employees were not permitted to display the Thin Blue Line American Flag on their clothing or skin while on duty or while in uniform; 2) Township employees were not permitted to display the Thin Blue Line American Flag on any personal property inside the Township building while on duty in such a location that visiting members of the public would be likely to see it; and 3) individuals were not permitted to install or affix the Thin Blue Line American Flag to Township property (including vehicles).  On January 27, 2023, Plaintiffs filed this lawsuit, asserting claims under the First and Fourteenth Amendments.

On May 31, 2023, Plaintiff Wilbur was deposed both as an individual and as the Rule 30(b)(6) designee of the Springfield Township Police Benevolent Association.[1]  Plaintiff Wilbur was represented by Attorney James J. Fitzpatrick, III, during those depositions.[2]   At the commencement of those depositions, Plaintiff Wilbur was given the following instruction:

> Q:  I am not trying to confuse you with any of my questions.  If at any point during this deposition you do not hear my question or do not understand my question, please let me know and I will repeat my question so that you hear it or try to rephrase it in such a way that you can understand it; however, if you don't tell me that you didn't understand my question and you provide me with a response, I'm going to have to assume that your response is to the question in the form that I asked it.  Do you understand that?[3]

Plaintiff responded, "Yes."[4]  Attorney Fitzpatrick did not ask the witness any questions during either part of the deposition.  During the deposition, Plaintiff Wilbur gave clear and unambiguous testimony regarding how he was contacted by Plaintiffs' counsel to commence this litigation:

> Q:  Chris Calhoun testified that he was introduced to your attorney, current attorneys, by you.  How did you become aware of Mr. Zimolong and Mr. Fitzpatrick?
>
> A:  Mr. Fitzpatrick reached out by phone.

---

[1] Depositions of Christian Wilbur attached in relevant part hereto as Exhibit "A".
[2] Exhibit "A"
[3] Exhibit "A", at p. 7, lns. 2-12.
[4] Exhibit "A", at p. 7, ln. 13.

- 3 -

> Q: And that was an unsolicited conversation, unsolicited communication?
>
> A: Yes.
>
> Q: And when was that unsolicited communication?
>
> A: I would say early 2023.[5]

Attorney Fitzpatrick did not object to this line of questioning or make any attempt to clarify or change it during the deposition or in the six (6) month period thereafter.

Following discovery, all parties moved for summary judgment. On November 13, 2023, the Court granted Plaintiffs' motion for summary judgment. Plaintiffs' counsel subsequently petitioned for an award of attorneys' fees. On December 6, 2023, Defendants filed a Brief in Opposition to that fee petition, quoting the sworn deposition testimony from Plaintiff Wilbur, and pointing out that this conduct by Plaintiffs' counsel violated Pennsylvania Rule of Professional Conduct 7.3(a). In response to that Brief, Plaintiffs filed an affidavit from Plaintiff Wilbur that attempts to rewrite his deposition testimony. As that affidavit falls squarely within the "sham affidavit" doctrine, it must be stricken in its entirety.

**II.     Legal Argument**

As the document attached to Plaintiffs' Reply Brief plainly is a sham affidavit, it must be disregarded in its entirety and stricken from the record. Usually addressed in the context of a motion for summary judgment, the Third Circuit has explained the doctrine as follows:

> The "sham affidavit" doctrine refers to the trial courts' practice of disregarding an offsetting affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony. When a party does not explain the contradiction between the subsequent affidavit and the prior deposition, the alleged factual issue in dispute can be perceived as a

---

[5] Exhibit "A", at p. 36, ln. 17 to p. 37, ln. 3.

> "sham," thereby not creating an impediment to a grant of summary judgment based on the deposition.

*Baer v. Chase*, 392 F.3d 609, 624 (3rd Cir. 2004).  *See also* James Wm. Moore, et al., *Moore's Federal Practice § 56.14[1][f]* at 56–179 (3d ed. 1997) ("If a party's deposition and affidavit are in conflict, the affidavit is to be disregarded unless a legitimate reason can be given for discrepancies.")  "The court may … disregard an affidavit when the affiant was carefully questioned on the issue, had access to the relevant information at that time, and provided no satisfactory explanation for the later contradiction." *Daubert v. NRA Group, LLC*, 861 F.3d 382, 392 (3rd Cir. 2017) (*internal quotation marks omitted*).  "It may similarly disregard an affidavit entirely unsupported by the record and directly contrary to other relevant testimony…" *Id.* (*internal quotation marks omitted*).

In this case, there can be no dispute that there is a complete and material conflict between Plaintiff Wilbur's sworn deposition testimony and his new affidavit.  During his deposition, Plaintiff Wilbur testified clearly that he received an unsolicited telephone call from Attorney Fitzpatrick.  Attorney Fitzpatrick was present for this testimony and took no steps to clarify or address this testimony during the deposition.  Plaintiff Wilbur did not try to address this testimony in an errata sheet, although such a change would have been improper anyway.[6]  Instead, more than six (6) months after this sworn testimony, Plaintiffs' counsel has submitted a new affidavit from Plaintiff Wilbur that completely refutes his sworn testimony.  This affidavit makes no attempt to explain this discrepancy, or why this testimony was allowed to remain unaddressed for six (6) months.  It also is obvious and undisputable that this affidavit was submitted solely in an attempt by Plaintiffs' counsel to conceal the fact that their own client testified as to a violation of the Rules

---

[6] *See e.g. Bartos v. Pennsylvania*, 2010 WL 1657284, *6 (M.D. Pa. April 23, 2010) ("[T]he purpose of an errata sheet is to correct alleged inaccuracies in what the deponent said at his deposition, not to modify what the deponent said for tactical reasons or to reflect what he wishes that he had said."

of Professional Conduct. Under these circumstances, Plaintiffs' counsel cannot be permitted to unilaterally change their client's sworn deposition testimony for their own monetary benefit. As such, the affidavit must be stricken and disregarded by the Court.

### III.     Conclusion

As set forth herein, as the affidavit of Christian Wilbur completely changes his prior sworn testimony, and as there has been no good reason provided to explain this change, the Court must strike and disregard that affidavit in its entirety.

>                 Respectfully submitted,
>
>                 **DEASEY, MAHONEY & VALENTINI, LTD.**
>
>         By:   /s/ *Rufus A. Jennings*
>                 Rufus A. Jennings, Esquire
>                 Pa. Attorney Identification No. 93030
>                 1601 Market Street, Suite 3400
>                 Philadelphia, PA 19103
>                 Phone:  (215) 587-9400
>                 Fax:      (215) 587-9456
>                 Email:  rjennings@dmvlawfirm.com

Date: December 11, 2023