IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET. AL., | No.   23-332-KSM |
| Plaintiffs | |
| v. | |
| TOWNSHIP OF SPRINGFIELD, ET. AL. | |
| Defendants | |

RESPONSE IN OPPOSITION TO MOTION TO STRIKE

Plaintiffs file this response in opposition to defendants' motion to strike the declaration of Christian Wilbur (ECF No. 68). Defendants' motion has no merit and should be denied. Moreover, in addition to the attorneys fees of $228,081 requested in plaintiffs' motion for attorneys fees and costs (ECF No. 62) the Court should award plaintiffs' attorneys fees of $3,217.50 incurred in responding to defendants' current motion to strike.

I. THE MOTION TO STRIKE IS IMPROPER AND LACKS MERIT.

Under Rule 12(f), the "court may strike from a **_pleading_** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added); *see also, Savage v. Temple Univ. - of Commonwealth Sys. of Higher Educ.*, 2020 WL 5602651, at *1 (E.D. Pa. Sept. 18, 2020). "Striking a pleading is viewed as a drastic remedy, such motions are generally disfavored," *Am. Power, LLC v. Speedco., Inc.*, 2016 WL 6563671, at *1 (M.D. Pa. Nov. 4, 2016), and "are infrequently granted." *Kabler v. United Food & Commerical Workers Union,*

*Loc. 1776*, 2019 WL 5721905, at *2 (M.D. Pa. Nov. 5, 2019). "A motion to strike is a drastic remedy to be resorted to only when required for the purposes of justice." *Savage*, 2020 WL 5602651, at *1. Accordingly, a court should only strike "pleadings only when those pleadings are both redundant, immaterial, impertinent, or scandalous **and** prejudicial to the opposing party." *American Power*, 2016 WL 6563671 at *1 (emphasis added). "Consistent with this sparing approach urged by the courts with respect to motions to strike, those 'pleadings' that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief–as opposed to other forms of pleadings– typically will not be considered a 'pleading' which is properly the subject of a motion to strike." *Id.*, at *2 (citations omitted).

Here, defendants do not seek to strike a pleading. Rather, they seek to strike the declaration of Christian Wilbur (ECF No. 61-1) submitted with plaintiffs' reply to defendants' response in opposition to their motion for attorney fees, which they claim is a "sham" submitted "solely to cover up a violation of the Rules of Professional Conduct." Mot., ¶ 9 (ECF No. 68). First and foremost, broadly speaking a declaration submitted with in a reply brief is not a *pleading* under the Rules of Civil Procedure and is not properly subject to a motion to strike. Second, the Wilbur Declaration does not fall within the limited category of documents that, while not pleadings in the literal sense, are nonetheless susceptible to a motion to strike. The Wilbur declaration is not immaterial, redundant, impertinent, or scandalous, *and*

prejudicial. In fact, defendants never argue it is. For these reasons alone, the Court should deny the motion.

The best defendants do in providing some legal basis to strike the Wilbur Declaration is by claiming it should be stricken under the "sham affidavit" doctrine. Mot., ECF No. 68, p. 3-4. But, the sham affidavit doctrine applies to motions for summary judgment not routine motion practice. Under that doctrine, "a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 251 (3d Cir. 2007) (quoting *Baer v. Chase*, 392 F. 3d 609, 624 (3d. Cir. 2004)). The Court is not dealing with a motion for summary judgment and the defendants provide no justification for the Court to extend application of the doctrine outside the summary judgment context.[1] Thus, the sham affidavit doctrine does not apply and does not support defendants' argument.

In all events, there is no reason for the Court to strike the declaration. For starters, the Wilbur Declaration does not contradict his previous testimony. Defendants rely upon a solitary line in Wilbur's deposition transcript to support its wild allegation that counsel engaged in "a violation of the Rules of Professional Conduct." That question was "Q. And was that an unsolicited conversation, unsolicited communication. A. Yes." Wilbur dep., 37:22-24. But this colloquy is hardly the model of clarity defendants purport it to be. Does counsel mean

---

[1] Even when the doctrine is applied in the summary judgment context, the affidavit is disregarded, but not "stricken" by the Court.

unsolicited that day? Or does he mean unsolicited ever? Does "unsolicited" mean Wilbur did not call Attorney Fitzpatrick before Attorney Fitzpatrick called him? The Wilbur Declaration does not contradict this testimony but seeks to clarify the vagaries of testimony. Still, "not all contradictory affidavits are necessarily shams." *Jiminez,* 503 F.3d at 254; *see also Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004) ("it is clear that merely because there is a discrepancy between deposition testimony and the deponent's later affidavit a district court is not required in all cases to disregard the affidavit.") As the Third Circuit explained in *Baer*, declarations or affidavits are not "shams" when submitted to explain deposition testimony or clarify a confusion. *Baer*, 392 F.3d at 624. That is precisely what the Wilbur Declaration does.

Defendants further claim it "is obvious and undisputable that the [Wilbur Declaration] was submitted solely in an attempt by Plaintiffs' counsel to conceal" a violation of the Rules of Professional Conduct. Mot., ECF No. 68, p. 8. Defendants do not explain why this is conclusion is so "obvious and undisputable." Indeed, given plaintiffs' briefing on the issue, the matter appears highly disputed. As explained in plaintiffs' reply, even if Attorney Fitzpatrick "cold-called" Wilbur (he did not), that conduct, in and of itself, is not a violation of the Rules of Professional Conduct. Reply, ECF No. 65, p. 4. A violation of R.P.C. 7.3(a) potentially arises only when the "significant motive" for the call was "pecuniary gain." *Id.* Here too, defendants provide no explanation that Attorney Fitzpatrick's was significantly motived by pecuniary gain rather than being significantly motived for other non-pecuniary

reasons, such as to obtaining justice for the plaintiffs and vindicate their constitutional rights. Instead, defendants rely upon sweeping, conclusory, and outrageous allegation that Attorney Fitzpatrick "obviously" violated the Rules of Professional Conduct. The Wilbur Declaration was submitted to contend these spurious allegations.

Defendants attempt to further buttress their bogus argument by chastising Attorney Fitzpatrick for not objecting to the question of Wilbur. Mot., ECF No. 68, p. 7 ("Attorney Fitzpatrick did not object to this line of questioning or make any attempt to clarify or change it during the deposition.") But there was no reason for an objection. The line of question is and remains both benign and immaterial. Attorney Fitzpatrick's telephone call to Wilbur bears no relevance to the claims and defenses in the litigation,[2] including any relevance to plaintiffs' motion for attorneys fees and costs under 42 U.S.C. § 1988. Preamble, Pa. R. Prof. C., n. 19.

Finally, Defendants criticize Attorney Fitzpatrick for not submitting an errata sheet in the 6 months since the deposition was taken. Mot., ECF No. 68, p. 8. There was no errata sheet or clarification for the same reason there was no objection – the testimony was benign and irrelevant and did become pertinent until defendants presented their phony ethical violation argument - for the first time - 2 weeks ago. Defendants also fail to offer an explanation as to why, if an alleged "clear" ethical violation occurred requiring sanctions, they raise it for the 6 months after the deposition. Nor do Defendants explain how an errata sheet or other

---

[2] Furthermore, under the Federal Rules, any objection to relevance or materiality of a question "is not waived by a failure to make the objection before or during the deposition." Fed. R. Civ. P. 32(d)(3)(A).

5

"attempt to clarify" submitted earlier would have varied from the Wilbur Declaration.

Accordingly, the Court should deny the motion.

II. **THE COURT SHOULD INCLUDE THE ATTORNEYS FEES INCURRED IN PREPARING THIS RESPONSE IN AN AWARD OF ATTORNEYS FEES UNDER 42 U.S.C. § 1988.**

The purpose of 42 U.S.C. § 1988 is "to provide for reasonable fees for all time spent in the vindication of statutory or constitutional rights, including fees related to the preparation and litigation of motions for attorney's fees under the Act." *Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998). The reason for including attorneys fees incurred in preparing the motion for attorneys fees itself is because otherwise the attorneys fees and costs incurred in vindicating a plaintiffs' constitutional rights will be diminished by the time incurred in preparing the motion for attorneys fees and costs. *Id.* The time spent in preparing a response to defendants' current motion to strike is directly related to plaintiffs' motion for attorney fees and costs. Accordingly, an award of attorney fees for the time spent preparing a response to the motion to strike is warranted. Moreover, the motion to strike is baseless and unwarranted. The time spent preparing a response to the motion to strike was 4.5 hours. As explained in plaintiffs' motion for attorneys fees and costs, the lodestar rate should be $715/hr. Accordingly, the Court should include $3,217.50 in attorney fees in the total attorney fees award requested by plaintiffs and award plaintiffs $231,298.50.

## CONCLUSION

Based on the foregoing, plaintiffs respectfully request that the Court deny the motion to strike the declaration of Christian Wilbur and grant plaintiffs' motion for attorney fees and costs under 42 U.S.C. § 1988 awarding plaintiffs $231,298.50 in attorneys fees and $2,702.38 in costs.

Respectfully submitted,

Dated:  December 20, 2023

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQUIRE
JAMES J. FITZPATRICK III, ESQUIRE
Zimolong, LLC
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRATERNAL ORDER OF POLICE PENNSYLVANIA LODGE, ET AL. | : | No. 2:23-cv-00332-KSM |
| Plaintiff | : | |
| v. | : | |
| TOWNSHIP OF SPRINGFIELD, ET AL. | : | |
| Defendants | : | |

## Certificate of Service

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Date: December 20, 2023            /s/ Walter S. Zimolong, Esquire